Please call the case. Case number 13-0484, People v. Kevin Robinson. David, the lawyers who are going to present the case, please introduce yourself to the court at this point. Good morning. Meredith Barron for the Office of the State Appellate Defender on behalf of Kevin Robinson. Let me just say this. I have a really bad cold. My ears have stopped up. I couldn't hear what you said, so just keep your voices up a little bit. Thank you. Okay. And you understand that that which is hanging out there is not a microphone. It just records what you're saying. I did not. It's your own voice. Good to know. Okay. Before we start, can you tell us whether the instruction on the aggravated kidnapping had an impact on the aggravated sexual assault offense? The aggravated kidnapping did have an impact on the aggravated sexual assault offense because sexual assault was aggravated by kidnapping, and there was due confusion as to whether or not he committed kidnapping. So the predicate offense, the kidnapping instruction was correct. It was the aggravated kidnapping that was a problem. The kidnapping instruction was correct, but because they found him guilty of aggravated kidnapping and because there was the conflicting instructions, it's not clear that when they found him guilty of sexual assault with the predicate kidnapping that they meant the separate form of kidnapping and not the aggravated kidnapping that they signed a verdict form for. I'm sorry. Go ahead. Can I ask you why you would say that when the aggravated criminal sexual assault definition and instructions says aggravated criminal sexual assault by committing criminal sexual assault while in the course of committing kidnapping, and then they define kidnapping, why wouldn't the jury use the instructions that go with the aggravated criminal sexual assault? Why would they look for aggravated kidnapping when that's not the predicate offense? Well, that goes actually to the heart of part of the problem, which is just that there's jury confusion undermining the confidence in the verdict. So is it your position then because the instruction is wrong on one offense that it taints every single instruction? Well, but it definitely taints the instruction of kidnapping. You can't be confident that if it taints kidnapping and the sexual assault is predicated on the kidnapping, then your argument is that it's also tainting that. It is, but the most important part is that it taints the kidnapping in general. And the fact that you can't be confident that he was convicted beyond a reasonable doubt of an offense that he was charged with is what shows that he should not have been convicted of kidnapping to begin with. I'd say separate offenses. Kidnapping and aggravated kidnapping are separate offenses. An aggravated criminal sexual assault based upon kidnapping, all of those instructions of which were correct, I don't understand how you're saying the aggravated kidnapping issues instructions is somehow impacting the aggravated criminal sexual assault. It doesn't sound logical. Sure. Well, one thing I think that's important is this is a jury that's not made up necessarily of people who are well-versed in the law. And so they're told to look at the instructions and that's where they're supposed to spend their focus. And the instructions that we have here are simply confusing. And when we look at the aggravated kidnapping instruction, and actually when we look at the instruction says you can find him guilty of aggravated kidnapping or not guilty of aggravated kidnapping or guilty of kidnapping. And so there's this idea that I don't believe the jury thought that they had to necessarily find him guilty of kidnapping before they could move on to aggravated kidnapping. It appears when we look at these conflicting instructions that the jury was led to believe that they could choose one or the other. And because they chose the aggravated kidnapping, which they signed the verdict form for, under a theory that he was never charged with, it was improper and it was unfair. And the confusion is very clear because the jury actually sent a note to the court saying difference, aggravated or not, explain what constitutes aggravated. And the problem is they didn't receive guidance on that issue because the court's answer was look in the instructions that you will be provided. So that's inherently unhelpful because the answer that they were to receive was in the very source of the problem, the source of the confusion. All right, but you would agree that the aggravated sexual assault instruction was correct? Yes. And if the jury followed that particular instruction, they would not have been confused as to that offense, would they? They would not have been confused as to the aggravated criminal sexual assault as far as the sexual assault happening. But what we can't be sure of is that when they found the predicate kidnapping, that they found it based on kidnapping on an inducement theory as opposed to them believing, well, we found him guilty of aggravated kidnapping under this confinement theory. Yeah, and that's what it, why, I mean, if it said, if the instruction says based upon kidnapping and they correctly defined kidnapping, why would we say they'd ignore the instructions? That's what you're saying, they'd ignore the instructions on the kidnapping. Why did they ignore the instructions on the kidnapping? I just think that there was clear confusion. There were these different instructions. They had conflicting elements. And when we look at it, when we read these instructions together, it gives off this erroneous illusion that they could either find kidnapping based on inducement, which was what the state charged Mr. Robinson with and was actually presented at trial, or they could find him guilty of this other crime of aggravated kidnapping under confinement. And when you look at it, there was no evidence of confinement, so didn't that help your client? Well, no, but that's the problem, is that there was evidence of a detention. And because this was a case in which there was a detention, which, had they charged the confinement, that's a problem, there wouldn't have been a separate confinement, as opposed to the detention that was ancillary to the sexual assault. What is the difference between detention? I mean, is there a statute that reads detention? Well, detention is part of, for the criminal sexual assault, had they charged confinement and had that there when he was convicted of, we would have a whole bunch of different issues here. You would have him not guilty if that's what they charged him with. I would like to believe that we would have him not guilty, but I think that we would have an appellate court issue in which I would be arguing that the confinement was actually a detention that was ancillary to the sexual offense and did not rise to the level of an independent offense. I think that's what I would be arguing here before you. But that's not what happened. He was found guilty of aggravated kidnapping mistakenly. On the basis of an erroneous issues instruction that undermines any confidence that we could have in the jury's verdict. And I think that note particularly shows that there was this confusion whether or not the phrase aggravated truly did arise to a separate offense or whether it was just a term of art for this verdict form that they were signing and that alone was enough to be the predicate offense for the criminal sexual assault. Let me ask you this. If we reversed everything and gave a new trial, would the result be any different for aggravated sexual assault? I believe the result would be different for aggravated sexual assault because he would not be found guilty of kidnapping. We're not arguing that there was a sexual assault. He would still be found guilty of sexual assault, which is a 30 to 60 year sentence. He would not be found guilty of aggravated sexual assault because there was no kidnapping in this case and that would not be the predicate offense. And why? Why if you induce somebody, let's go to the movie. I mean, what is it, someone who's educationally handicapped who's going out with a guy because she thinks he's a nice gentleman to a movie and dinner after midnight. She doesn't even know that there's not, I mean, not in my lifetime at least, there's not dinner and movies that start after midnight. So he induces her out to go with him for the purpose of confining her where he ends up and has sex with her. And she says stop and he continues. He's holding her down. Why isn't that confinement? Why isn't that, I mean, why isn't she voluntarily with him? Yes, but that's because she's enticed or induced to go with promises of movies and dinner. Well, I think that's two separate issues. The sexual assault, which we're not contesting that a sexual assault occurred in that house, what we are contesting is that it was a kidnapping that led to them being in that house where there was a sexual assault. And that's what I'm saying. Why is it if you go to somebody's house who's mentally handicapped, get their mother's permission to take them to dinner and to a movie after midnight, the mother looks you over and thinks you're all right, certainly the jury has the right to use their common sense. He was inducing her to come out under false pretenses to get her. And then he changes, well, before we go to the movie, I want to buy some property. Oh, she thinks that's a great idea because she doesn't have enough knowledge to know otherwise. And yes, I'll go with you. He's still inducing her. I mean, a jury could believe that very easily. He's inducing her by deceit to come look at a piece of property and then goes into an abandoned building in the back with no lights on, and she's like a kid wandering around the building. And then he jumps on her and sexually assaults her. Why isn't that kidnapping? I don't understand it. He has induced her to get out and he's confined her against her will while he's sexually assaulting her. She's saying stop. He won't stop. You just had a problem with the confinement instruction. You didn't have a problem with the luring and the enticing language. That was correct. Yes, she does. I do. She doesn't agree. I do. With the different elements of, one, the confinement instruction is wrong. It did confuse the jury, and that's issue two. The instruction for luring and enticing, you didn't have a problem with the language. Of the language of it. I know. Whether or not those elements met. Whether or not she came forward to that. Exactly. Right. So that's the first issue, which is that it wasn't proven beyond a reasonable doubt. And in answer to your question, the first thing I'd like to point out is the evidence that she did have a diminished capacity, there's not any medical evidence of that. The only evidence we actually have of that is that her mom said she went to a special ed school. Yes, that's not all you have. You have a 25-year-old getting their mom's permission to go out. And what she says, the quotes in this brief, I thought I'd go out with him because he was a good friend of my girlfriend. My girlfriend must like nice, sweet gentlemen or something like that. And I wanted to play hide-and-seek with him in the abandoned building, so I went into a closet. That's childlike. It jumps from the page. And the jury, who is a trial of fact, saw her. But how she perceived their evening is actually, for this instance, not the important element. What's important is what Mr. Robinson did and whether he used deceit or enticement to induce her and whether there was an intent to confine. And that's what I understood. Oh, I'm sorry. And then how about the, what is it? My fever is coming up. The proof of other crimes. Same thing. Gets the young girl, talks to the mom. I want to go out for this purpose. And then sexually assaults her. She voluntarily went with him. It's the exact same scenario. And to me, that says he's inducing, by deceit, for a person to go with him for the purposes of confining them. Her on the floor in that building and the little girl in the train station where he locks her in the bathroom and has sexual assault with her. Well, that's two different issues. The first is the deceit or enticement. This was not a situation in which he told her they were going to go to the movies and then deceptively brought her to this vacant property. Why wasn't it? Because he told her about it. He said, he suggested that he go and check out the movie. Why can't he change his inducement? You know, right in the middle. Okay, we're going to go to see a movie. Oh, no, no, I want to be this entrepreneur. Let's stop by this building first and see the building I want to see. But it's speculation to say he was. Why is it speculation? It's speculation. There's an abandoned building on 70-something street that's abandoned. There's no lights. There's no key. There's no realtor there. They go into the back and find a way to get into the building. Why can't the jury determine that he did that purposely with the purpose of enticing her to go into this building and sexually molest her? It doesn't have to be direct evidence. It's circumstantial. He got her out of the house under false pretenses, and then he changed the location where he was taking her under false pretenses. Why can't the jury believe that? Because he told her that he wanted to go somewhere else, and they agreed to go somewhere else. And even if we find that that was deceit or enticement, which I did not say it was, but even if we were to find that, there's still the intent to confine. And the problem of using the sexual assault to say that because an assault occurred means it necessarily was always going to occur is a logical fallacy. You can't say that the facts are the same. And that goes into a totally different issue, which is the use of other crimes evidence. And to use it in that manner goes beyond what it was admitted to be used for. Other people, we don't know how they admitted the other crimes evidence. And that case specifically says that it's only proper to admit propensity evidence, as this was admitted, to show proof to commit sexual assault. So this propensity evidence is never okay except in this one instance. And the court actually instructed the jury that they would only use this evidence for the very limited purpose of propensity to commit sexual offenses. Well, couldn't the jury decide he hadn't changed his mind? His mind was the same from the beginning until he sexually assaulted her. To get her someplace to confine her against her will and to sexually assault her. Well, again, using that other crimes evidence would not be right. Even without it, couldn't they decide that? There was no evidence to show that he had that intent. And that intent is normally not something that somebody writes on a piece of paper and says, here's my intent, you determine it from the circumstances surrounding the offense. And looking at the circumstances surrounding this offense, couldn't a reasonable juror conclude that he induced her and enticed her to go out of her house with the statement that they wanted to move here again and then charges her to go look at property for the purposes of getting her in that property, confining her against her will, and sexually molesting her from the evidence that they had. The evidence that they have shows a sexual assault, but it doesn't show a sexual assault that wasn't necessarily spontaneous and isolated from the rest of their evening. Thank you. You want to reserve some time? I would like to reserve some time. Why don't we do that. Okay. Thank you very much. If your honors may please the court, Assistant State Attorney Mike Zhu for the people. In this case there are two issues raised on appeal. Mr. Zhu, let's go right to the instructions issue. Correct me if I'm wrong, but your position in your brief seemed to be that because the instruction was correct in a completely separate charge, the jury could read the correct instruction and everything will be fine. Yes, I think. Is that your position? Yes, that is my position. So it doesn't matter if on the aggravated kidnapping charge you had the incorrect instruction, what he wasn't charged with, what his attorney didn't defend him against, that doesn't matter? It doesn't matter for both the reason that the key conviction here is for the aggravated criminal sexual assault. That's one that carries the sentence that would make the difference. So if it was that, then you would just retry him on the aggravated kidnapping? Even if the sentence remains the same, the natural life is based on the aggravated sexual assault, correct? I can't speak for office policy about whether or not we would retry the aggravated kidnapping. That's a very wise position. But the key to that is on the one hand, the aggravated kidnapping, the sentence there is not the relevant sentence because it would be eclipsed by the aggravated criminal sexual assault sentence. But also, even if the jury read the aggravated kidnapping instruction, we don't think it's wrong because, again, it doesn't get the law on A1 kidnapping wrong. It's not wrong to charge two variants of one crime. You could charge A3 kidnapping. But he wasn't charged with that variant of the crime. That's the whole crux of this right now. He wasn't charged with that. He didn't defend against that charge, and yet that was what the jury was instructing him. And I think that goes to the case law that's applicable because the defendant cites a number of cases where the jury instructions were incorrect because they misstate an element of the crime such that what the jury was presented with is either missing an element such that it's not a correct crime or it's a constitutionally problematic crime or something like that. Whereas here we have two separate kidnapping instructions. One of them was not in the charging document. But I think that makes the inquiry onto issues like prejudice and whether or not the defendant could defend at trial, which is a different inquiry from whether or not there was a structural error, whether or not that implicates a constitution because, again, these are valid crimes and they're very similar, in fact, to the criminal sexual assault. The proof for A1 kidnapping requires actual confinement. And do you think there was sufficient evidence for the jury to find confinement in this case without the luring and enticing? Yes, because we have the defendant using force to commit a criminal sexual assault in an abandoned house that has no electricity, has no lights, late at night. I think that qualifies as actual confinement. And there is no prejudice there because the facts are so similar between the criminal sexual assault that is not even contested on appeal and what actual confinement would require. So there could be no – in terms of actual preparation for the issues on the elements, there is no prejudice because they're the same facts that could tend to prove both sexual assault and the confinement, actual confinement. Furthermore, there can be no prejudice because what effectively has been done by having these two versions of kidnapping is the state has raised its burden. How could there be prejudice when the state adds to the elements it has to prove? We did not need a – Because you're saying in a sexual assault that was correctly charged, you had to prove the luring and enticing. And then on the incorrect charge, you gave yourself the additional burden of confinement. Exactly. And that was – you can call it an error, but it's an error that – I think most people call it an error. In fact, I think you call it an error in your brief. Right. But an error that helps the defense doesn't hurt it because we are raising our burden in terms of the elements we have to prove. And the fact that we still have a guilty verdict signed for both the aggravated kidnapping, which is under the A1 elements, and – Do you agree that we should reverse the aggravated kidnapping? No, we do not think so because there is no – the law is correct in the instructions, and also the facts are there to support it. The defendant waived the issue because they did not object, and I think that all speaks to the fact that there was no prejudice that would necessitate this kind of reversal on that count because – Do you think the jury's question indicated they had some confusion based on the different charges? Whether or not there was confusion, I think, is – even if there was confusion, it doesn't affect the correctness of the two charges. Do you think that their confusion is too bad because it was enough? Because it was not a confusion about what the correct law was in the sense that – the jury might be confused as to why the elements are different, but that's a confusion over why, hypothetically, the state would have charged two different versions of a kidnapping offense. But that kind of a confusion does not speak to a core issue, which is whether or not there was the proof for these elements. Now, if the jury is not confused whether or not we proved the elements because they returned a guilty verdict, if they're confused about why there's two versions of a correctly stated version of the kidnapping statute, that's a legitimate confusion, but it's not one that speaks to a reversible issue. Because, again, by signing a – if we assume that the jury read to the letter the various instructions and signed verdicts consistent with those instructions, we would have the jury finding all the elements of an aggravated criminal sexual assault, which includes the kidnapping instruction, the regular kidnapping instruction under A3. And if we assume that they read the aggravated kidnapping instruction correctly and returned a verdict on that, they would have found the A1 actual confinement. Now, that kind of – that might be confusing in the sense that, you know, why is there a difference between the two versions, but that's not, again, a confusion over what the correct law is. It's just a confusion over what hypothetically could have been a prosecutorial discretion as to how they charge the crime, but in reality – What is your best case to support your theory? The theory as to the – Your theory that this – you know, that we should not reverse the aggravated kidnapping because the jury was not confused. What kind of law do you have that says that? Again, we cited cases from the variance line of cases. Well, I know you cited cases. Everybody cites cases, but the question is, which one is your best one? Because none of them say what you say, so I want to know, which is your best case? That's a difficult question in the sense that most of the cases we cite on the second issue are to distinguish the cases that the defense raises. Right. So you really don't have a case that supports what you're saying, do you? I would say the closest analogy would be the variance cases where there was a variance between what was charged and what the proof is. You mean the murder cases? The murder cases, Maxwell and Allen. Again, it's not completely analogous, but there at least it highlights what the potential issue would be when there is no problem, legal problem, with the instruction sent to the jury. And there the focus is on prejudice as the inquiry rather than on structural error. And when that's the proper inquiry, for the reasons that were talked about earlier, there is no prejudice and defendant has not proven prejudice, as it's their burden to do when they have to show that there was prejudice. They have not shown how the defense was prejudiced by having this A1 instruction there. And, in fact, they can't because it raises the state's burden and the proof was essentially the same for A1 kidnapping and criminal sexual assault. So if there is no prejudice and there's no problem with the law, as stated in the jury instruction, there's no basis for reversal based on that. Now, as to the first issue of proof beyond a reasonable doubt, I think based on the facts of the case, which basically boil down to the victim was told and the mother was told that they were going on a date to a dinner and a movie, which is what everybody thought was going to happen until they reached the train, and then the night ended with the defendant, when it's not even contested, forcibly assaulting the victim in an abandoned house, I think a jury could clearly infer both the deceit and enticement element and the intent to confine. As to deceit and enticement, it's not contested that the defendant said one thing to the victim and the mother at the beginning of the night and did something very different. That's not contested. But you don't think the defense approach to this would have been slightly different if they knew that they were going to be charged with a confinement theory rather than a luring and enticing theory? The case would have been tried differently by the state and also the defense, I'm sure. But I think the fact that we have one, the deceit and enticement did go to the jury in the regular kidnapping instruction, and because the evidence for that is overwhelming, I think it's a very reasonable inference to make that the promise of a date was helpful in him getting her out of the house. Once you have that, there is no need. We're not looking for every hypothesis of innocence by raising the possibility that there was a real one. Well, you wouldn't be looking for the hypothesis of innocence, but the defense attorney sure would. But not on appeal, though. On appeal, it's not enough to show. My question is, do you think the defense approach would have been fundamentally different if he was charged under a confinement theory rather than a luring and enticing theory? I don't think it would be, because to fight the element of confinement, which requires an analysis of how the actual events in the house might have happened, that's essentially fighting the criminal sexual assault evidence. The force that the defendant used and the circumstances of the assault in the abandoned house, that goes directly to a confinement. And it was never doubted during the case that the facts of the rape would be relevant. So, therefore, yes, the language might have been different, but the actual facts that the defense would have focused on are exactly the same. And if the defense can disprove that he confined her during the rape, the defense can also prove that he did not rape her, because that's basically the same set of facts. So the defense might have looked slightly different, and the case prosecution argument might have been slightly different, but the facts in terms of what happened when, that would not have changed at all. And based on that, there is no real difference warranting a reversal, and there's no prejudice warranting a reversal. And I would just add, as a note, that for the A3 kidnapping, the intent to confine is proved by the actual confinement. I think that's a reasonable inference to be made, and, therefore, we also get some evidence of the A1 through that. But the proof of other crime evidence, it's based on Donahue, but also based on the statute. And the statute lists aggravated criminal sexual assault as a charge that you can use other propensity evidence on. And the statute makes no distinction between the elements that are unique to criminal sexual assault versus the other elements. And what that means is one of the elements of aggravated criminal sexual assault is another felony. So the statute, based on its plain language, would encompass evidence of proving the kidnapping elements here was a propensity evidence, because the kidnapping is part of the elements of aggravated criminal sexual assault. And per the statute, there's no difference between those elements. So we can use the fact that the defendant essentially kidnapped in very similar circumstances in the older rape. You can use that to prove the intent in this case, which, although it is a kidnapping element, it's also an aggravated criminal sexual assault element. So I don't think it's improper to argue that. I don't think we need to, because, again, the actual confinement here and the circumstances are pretty strong. But I think it's made even stronger by the fact that he did a very, very similar crime several years ago. And on that, I think, which just highlights the fact that this is a very strong case in many ways, in terms of both the elements challenged as to the intent. He's done it before very similarly. He actually confined her, and which is not even contested, that he raped her. So based on that, I think it's very easy to find the elements for a reasonable jury to infer all of the elements being challenged. So I don't think on Issue 1 there should be a reversal. As to the jury instructions, the ultimate effect of the error is that the state raised its burden. It did not get the law wrong. It just raised its own burden, and the defense cannot show any prejudice from raising that burden because, factually, the issues are still the same. And, again, the burden was raised, not lowered for the prosecution. So that is also not an issue to reverse on. And based on that, we'd respectfully ask the court to affirm the convictions on all counts. Thank you, Mr. Chairman. Any rebuttal? The state doesn't argue that there is an error in the jury instructions, but claims that there was no prejudice resulting from that error. But there was prejudice resulting from that error, as even the state acknowledged the defense would have been different. That is one of the most basic prejudices that could result from an instruction error, is that the defense would have been presented differently and would have prepared their case differently. Particularly, this is not an issue where the burden was somehow raised for the state because the idea that there was this confinement relates to the sexual assault. There are separate elements that we are contesting in Issue 1, and it's those separate elements that were accidentally omitted from the jury instructions. So this is exactly like those cases like Abensola and Jenkins, where there were essential elements of the crime charged that were fatally missing from the jury instructions. The jury simply didn't receive the instructions for the crime that was charged and presented at trial. And that is inherently prejudicial. And while the state does call this Issue 1 involving a variant jury instruction, it's important to note that a variance is when there is a distinction between the allegations in the indictment and the evidence actually introduced at trial. And that's a term of art that is just not applicable to this case. The prosecution did not request a variant jury instruction. The defense was not given an opportunity to contest a variant jury instruction. The court was not given the opportunity to rule on a variant jury instruction. And the evidence at trial did not depart in any way from the allegations in the indictment. This was not that situation. And in fact, had that been the case, the prosecution undoubtedly would have requested a variant jury instruction for kidnapping, as well as for aggravated kidnapping. But this was quite simply an accident. And it was an accident which resulted in Mr. Robinson's jury being instructed on the wrong elements of the offense with which he was charged. And that can be reviewed under either prong of the plain error doctrine. Under the first prong, this evidence is closely balanced with regards to the very elements that we have argued in Issue 1 were not proven at trial. And so had the jury received the correct instruction, the verdict may very well have been different. And turning to the second prong, after the Illinois Supreme Court's recent ruling in Clark, it is now well settled that second prong plain error is not limited to federal structural error. Instead, the failure to correctly and unambiguously inform a jury of the elements of the offense charged is an error so great and fundamental that the forfeiture rule should not apply in this case. Therefore, under both issues, we respectfully request the relief requested in our briefs. Thank you very much. Thank you. I think both sides did a very good job in their oral argument. The briefs were very good. And we thank you. We'll take this case under advisement. The Court is now adjourned.